IN THE MATTER OF THE ESTATE OF

JOE DEE NELSON

Decided on July 19, 1977

Claudeen B. Arthur, Shiprock, New Mexico, for Petitioners-Appellants

Wilbert Tsosie, D.N.A., Shiprock, New Mexico, for Respondent-Appellee

Before KIRK, Chief Justice, LYNCH and WALTERS, Associate Justices

WALTERS, Associate Justice

This case came on appeal from a final decree of probate issued by the Shiprock District Court awarding, among other things, a grazing permit for 104 sheep-units to the Appellee, Betty Nelson Todecheeny.

Appellants, Cecelia Henderson and Tom D. Nelson, claim that the grazing permit was not a proper item for distribution with the probate estate because the permit had been given to them as a gift before the death of the intestate. Appellants maintain that the permit was held jointly by them and the deceased and that upon decedent's death, the permit would automatically pass to them.

The District Court at Shiprock disagreed, and in a written

opinion found that there was no gift as delivery had not been completed. The District Court found that, while the decedent and appellants did sign in blank a Bill of Sale or Transfer, evidence of an actual physical transfer was lacking as there had been no Grazing Committee ratification and the Bill of Sale was not completed and therefore the decedent had not carried out his intentions to make a gift.

The question presented to this Court is whether the decedent properly executed a gift to the Appellant before his death. If there was a completed gift inter vivos, then the decision of the District Court must be reversed. A problem this Court must also consider is the nature of a grazing permit: does it represent real property or is it personal property?

The Court has examined carefully the complete record in this case. The Appellants submitted to the District Court the Bill of Sale or Transfer, signed in blank by the parties only and undated. Also submitted was a similar Bill of Sale or Transfer, more fully completed, but lacking signatures of the parties to the transaction and lacking the ratification of the Grazing Committee. This Bill was dated August 13, 1975.

Also submitted to the District Court was a Bill of Sale or Transfer for the same grazing permit, again lacking all signatures, but purporting to make a gift to the Appellee, Betty Nelson Todecheeny. The date on this Bill was June 15, 1976.

-163-

To constitute an inter vivos gifts, there must be donative intent, delivery, and the vesting of irrevocable title upon such delivery. Scovill v. Vail Investment Co., 55 Ariz. 486, 103 P.2d 662 (1940) and Armer v. Armer, 105 Ariz. 284, 463 P.2d 818 (1970). See also Espinosa v. Petritis, 70 N.M. 327, 373 P.2d 820 (1962).

Looking first to the issue of donative intent, it would appear to this Court that such intent to make a gift to the Appellants is lacking. While at least two Bill of Sale or Transfers were executed in various states of completion, the deceased also executed an incomplete Bill of Sale or Transfer to the Appellee at a later date. As the decedent did contemplate a transfer to the Appellee at this later date, it would appear to this Court that the decedent had changed his mind about the gift to the Appellants. As the Supreme Court of Colorado stated in Bunnell v. Iverson, 147 Colo. 552, 364 P.2d 385 (1961), "It is fundamental that in order to constitute a valid gift, there must be: first, a clear and unequivocal intent on the part of the donor to make a gift..." See 364 P.2d at 387.

If the decedent had a clear and unequivocal intent to make a gift to the Appellants, this Court doubts he would later have attempted to make a gift of the same permit. This Court also feels that the decedent would have had his action ratified by the Grazing Committee if he had not changed his mind.

Therefore, while the decedent may have once had the intent to give the permit to the Appellants, his intent to do so changed at

some later date. While it is clear that once a gift is completed, it cannot be revoked, the converse is that is can be revoked prior to its being completed. See Bunnell v. Iverson, Ibid., 364 P.2d at 386. We must therefore look to see if there was delivery and thus a completed gift to the Appellants.

A major problem in the courts of the Navajo Nation has been whether to characterize grazing permits as real or personal property. In non-Indian societies, land is transferred by instruments called deeds, and no gift of real property would be complete until that deed was properly executed. In the Navajo Nation, we hold that a grazing permit is the functional equivalent of a deed and is therefore an instrument which transfers real property. Land is of primary importance to the Navajo people, and to hold otherwise would cheapen the importance of land transfers.

As we have already pointed out, no Bill of Sale or Transfer was ever ratified by the Grazing Committee or even completely and properly filled out by the parties. No gift of real property is complete until the instrument of transfer is properly completed.

In additional, it is obvious to this Court that the element of delivery was not met in this case. In order to make a valid gift, there must be a delivery amounting to present transfer of title. Blonde v. Jenkins' Estate, 131 Cal. App.2d 682, 281 P.2d 14. We have held above that a grazing permit is the functional equivalent of a deed, which is the necessary instrument to transfer title. Since the Bill of

Sale or Transfer was never completed, there was no transfer of title and therefore no delivery.

One of the principles of an inter vivos gift is that the donor must surrender dominion and control over the gift. Appellants, in their brief, admit that creation of a joint tenancy does not require a complete surrender of dominion and control (emphasis added). Kinney v. Ewing, 83 N.M. 365, 492 P.2d 636. However, obviously, in order to create a joint tenancy by a gift, it is necessary that some dominion and control be surrendered. The donee has the burden to prove the gift and Appellants have failed to show they had some control and thereby meet this burden. See Blonde v. Jenkins' Estate, Ibid., 281 P.2d at 17.

When complete dominion and control is retained by the donor until his death, it becomes merely an unexecuted and unenforceable promise to make a future gift. In Re McSweeney's Estate, 123 Cal. App.2d 787, 268 P.2d 107. As such, even if the decedent had promised the grazing permit to the Appellants, the promise would be unenforceable.

In the future, the kind of problem which has arisen in this case could best be avoided by properly preparing the necessary Bill of Sale or Transfer. This Court recognizes the great burden placed on the Grazing Committee due to lack of legal help. The Court is hopeful that the Grazing Committee will be able to overcome the problems and assist those persons in effectuating the transfers.

The Court therefore finds that there was no gift because the decedent changed his mind about giving the permit to the Appellants and revoked his incomplete gift. No delivery of a gift was made either to the Appellants or to the Appellee.

The Shiprock District Court therefore properly distributed the permit to the Appellee in conformance with the community properly laws of the Navajo Nation as it applies New Mexico law.

The judgment is AFFIRMED.

KIRK, Chief Justice and LYNCH, Associate Justice, concur.